**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
PIOTR GAWEL,                                            :
:
Plaintiff,               :
:  Civil Action No.
vs.                                                           :
:  **COMPLAINT AND JURY TRIAL**
ASSET RECOVERY SOLUTIONS, LLC; LVNV  :  **DEMAND**
FUNDING LLC and DOES 1-15,                  :
:
Defendants.           :
:
―――――――――――――――――――――X

## I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff PIOTR GAWEL, an individual consumer, against Defendants Asset Recovery Solutions, LLC and LVNV Funding LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. JURY DEMAND

3. Plaintiff demands a jury trial on all issues.

### IV. PARTIES

4. Plaintiff, Piotr Gawel, is a natural person residing in Bloomfield, New Jersey.

5. Based upon information, Defendant Asset Recovery Solutions, LLC ("Asset Recovery") is an Illinois limited liability company engaged in the business of collecting debts in this state with its principal place of business located at 2200 E. Devon Avenue, Suite 200, Des Plaines, Illinois 60018. The principal purpose of Asset Recovery is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

6. Based upon information and belief, Defendant LVNV Funding LLC, ("LVNV) is a Delaware limited liability company engaged in the business of collecting debts in this with its principal place of business located in Las Vegas, Nevada. The principal purpose of LVNV is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

7.     Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

8.     On or January 1, 2007, Defendant LVNV sued Plaintiff on an alleged Sears credit card account in the Bergen Superior Court of New Jersey, Law Division, Special Civil Part in LVNV Funding LLC v. Gawel Case No. 1702-07, and a default judgment had been entered against Plaintiff on or about March 12, 2007 in the amount of $12,619.97

9.     On or about May 3, 2011, the default Judgment entered against Plaintiff was vacated and in June 2011, the case was dismissed.  (See attached, Exhibits A).

10.    By way of correspondence dated May 1, 2014, defendant Asset Recovery mailed a collection letter on behalf of Defendant LVNV to Plaintiff demanding payment of a debt in the amount of $11,582.96.  (See, attached Exhibit B.)

11.    Exhibit B was received by Plaintiff at his residence in Bloomfield, New Jersey.

12.    The alleged debt of Plaintiff claimed in Exhibit B was incurred for personal, family or household services, i.e. consumer credit card debt.

13.    Exhibit B sought collection of a credit card debt and interest that was in excess of any amount allegedly owed by Plaintiff.

14. Exhibit B additionally sought collection of debt for which the statute of limitations had already passed, the debt had had been sued on, and the case dismissed.

15. On or about June 2, 2014, Plaintiff received a telephone call of behalf of Asset Recovery's agent Paul Merza, in which defendant threatened litigation and/or collection on the outstanding judgment against Plaintiff if he did not make payment on the outstanding balance due.

16. Mr. Merza's threat was made despite that fact that no charges or payment had been made on the subject credit card within statute of limitations period prior to the telephone call and that the outstanding judgment against Plaintiff had been vacated and the case dismissed.

17. Based upon upon information and belief, defendants did not possess a license required by the State of New Jersey and/or the New Jersey Department of Banking and Insurance before making collection attempts against Plaintiff.

## COUNT ONE

18. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a) By using conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt within the meaning of 15. U.S.C. 1692d.

b) By the use of false, deceptive or misleading representation or means in connection with the collection of a debt within the meaning of 15. U.S.C. 1692e;

c) By threatening to file suit against Plaintiff for a time-barred debt in violation of 15. U.S.C. 1692e;

d) By disclosing Plaintiff's account number and other personal information in the clear plastic envelope window in violation of Section 1692f(8);

e) By failing to disclose in an initial oral communication that the debt collector is attempting to collect a debt and that any information obtained will be used for the purpose in violation of 15. U.S.C. 1692e(11);

f) By failing to properly register with the State of New Jersey, and the Department of Banking and Insurance prior to attempting to collect such debt and to collect interest on such debt;

g) Failing to provide proper validation notice within five days of its initial communication with the consumer in violation of section 1692g(a);

h) Using unfair or unconscionable means to collect or attempt to collect any debt in violation of Section 1692f;

i) By failing to advise Plaintiff that the Statute of Limitations had always lapsed and that Plaintiff had no obligation to pay the alleged debt.

j) By attempting to collect on a debt which Plaintiff did not owe; and

k) Failing to comply with FDCPA's general guidelines and otherwise engaging in conduct described as abusive, deceptive, and unfair debt collection practices in violation of 15 U.S.C. § 1692;

20. As a result of the foregoing violations of the FDCPA, defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants jointly and severally for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

under the circumstances.

Dated:   February 8, 2015                              Respectfully submitted,


                                                   By: s/ Lawrence C. Hersh
                                                       Lawrence C. Hersh, Esq.
                                                       17 Sylvan Street, Suite 102B
                                                       Rutherford, NJ  07070
                                                       (201) 507-6300
                                                       *Attorney for Plaintiff*

EXHIBIT A

**FALONI & ASSOCIATES, LLC**
165 PASSAIC AVE. SUITE 301B
FAIRFIELD, NJ 07004
(973) 226-2525
ATTORNEYS FOR PLAINTIFF

F0007192

| | |
|---|---|
| LVNV FUNDING LLC, As Assignee of Sears<br><br>                    Plaintiff<br><br>vs.<br><br>PIOTR GAWEL | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>SPECIAL CIVIL PART<br>DOCKET NO : DC-001702-07<br><br>Civil Action<br><br>*STIPULATION OF DISMISSAL* |

The matter in difference in the above-entitled action having been amicably adjusted by and between the parties, it is hereby stipulated and agreed that the same be and is hereby dismissed without costs against either party **WITHOUT PREJUDICE**.

Dated: 6/1/11

　　　　　　　　　　　　　　　　　　　　　DAVID A. FALONI, ESQ.
　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
SPECIAL CIVIL PART

DOCKET NUMBER: DC __1702-07__

__LVNV Funding LLC__ PLAINTIFF

VS.

__Gawel__ DEFENDANT

DATE: __6/22/11__

**FILED**

**JUN 2 2 2011**

JOSEPH R. ROSA, JR.
J.S.C.

DISPOSITION FORM

HON: __Rosa__

**CASE IS SETTLED...**
- _____ PRIOR TO THE TRIAL
- _____ DURING/AFTER CALL
- _____ BY JUDGE AT TRIAL
- _____ THROUGH MEDIATION

**CASE IS DISMISSED...**
- _____ VOLUNTARY DISMISSAL
- _____ BY JUDGE AT TRIAL
  - _____ WITH PREJUDICE
  - _____ WITHOUT PREJUDICE
- __✓__ N/A BY PLAINTIFF
- _____ N/A BY ALL PARTIES

**CASE IS...**
- _____ IN DEFAULT, N/A BY DEF: AMOUNT $_____
  - _____ SCHEDULE PROOF HEARING
  - _____ DEF ON COUNTERCLAIM, N/A BY PLTF
- _____ TRANSFERRED
- _____ IN BANKRUPTCY
- _____ STAYED

**TRIAL...**
- _____ TRIED WITHOUT JURY, DECISION: _____
- _____ TRIED WITH JURY, DECISION: _____
- _____ CONTINUED    NEW DATE: _____
- _____ ADJOURNED BY JUDGE    NEW DATE: _____
- _____ ADJOURNED BY CASE MANAGEMENT    NEW DATE: _____

**OTHER...**
_____
_____

EXHIBIT B

| Statement Date: | 05/01/14 |
|---|---|
| ID Number: | 6756361 |
| Original Creditor: | CITIBANK USA N. A. |
| Current Creditor: | LVNV FUNDING LLC |
| Account Number: | 5121075001902613 |
| Total Current Balance: | $11,582.96 |

**AssetRecovery SOLUTIONS, LLC**

**877-518-8333**

Piotr Gawel
14 Andrew Ct
Bloomfield, NJ  07003

Your past due account(s) have been referred to our agency for collection. If you wish to resolve your obligation, call us toll free at 877-518-8333. All payments must come to our office to ensure proper credit to your account.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from current creditor.

Sincerely,

Asset Recovery Solutions, LLC
877-518-8333, Ext. 264

---

### Asset Recovery Solutions, LLC Contacts

| | **Hours of Operation:** | | **Send Mail To:** | | **Find us Online at:** |
|---|---|---|---|---|---|
|  | Monday- Thursday 8 AM- 9 PM CT<br>Friday: 8 am – 5 pm CT<br>Saturday: 8 AM-12 CT |  | Asset Recovery Solutions, LLC<br>2200 E. Devon Ave  Ste 200<br>Des Plaines, IL  60018-4501 |  | www.assetrecoverysolutions.com |

-------------------------------- Detach and Return with Payment --------------------------------

Asset Recovery Solutions, LLC
2200 E. Devon Ave Ste 200
Des Plaines, IL  60018-4501

Statement Date: 05/01/14

ARSL/91/6756361   694015396146                   26/000000021/1

Piotr Gawel
14 Andrew Ct
Bloomfield, NJ  07003-3829

**IF PAYING BY CREDIT CARD, FILL OUT BELOW.**

☐ VISA    ☐ MasterCard

CARD NUMBER

SIGNATURE                                    EXP. DATE

| **ID NUMBER** | **PAY THIS AMOUNT** | **AMOUNT PAID** |
|---|---|---|
| 6756361 | $11,582.96 | $ |
| **ACCOUNT NUMBER** | **CURRENT CREDITOR** | |
| 5121075001902613 | LVNV FUNDING LLC | |

**Please send payments and correspondence to:**

Asset Recovery Solutions, LLC
2200 E. Devon Ave Ste 200
Des Plaines, IL  60018-4501